# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow,                :
                                       :
              Petitioner      :
                                         :
              v.                    :      No. 550 M.D. 2014
                                         :
The Pennsylvania State Police of the    :      Argued: September 16, 2015
Commonwealth of Pennsylvania,       :
                                         :
              Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                 HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge[2]
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**[3]                   **FILED: January 14, 2016**

     Before this Court in our original jurisdiction are the Preliminary Objections
(POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Billy

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

Joe Snow's (Petitioner) "Amended Petition for Review in the Nature of a Writ of Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). On January 30, 2008, Petitioner pled guilty to Indecent Assault of Person Less Than 13 Years of Age,[4] Corruption of Minors,[5] and Criminal Solicitation to Commit Statutory Sexual Assault.[6] (Petition for

---

[4] Section 3126(a)(7) of the Crimes Code, 18 Pa. C.S. § 3126(a)(7). This offense is defined as:

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: . . . (7) the complainant is less than 13 years of age.

Id.

[5] Section 6301(a)(1) of the Crimes Code, 18 Pa. C.S. § 6301(a)(1). The offense is defined as:

> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
>
> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

Id.

[6] Section 902(a) of the Crimes Code, 18 Pa. C. S. § 902(a). Pursuant to Section 902(a) of the Crimes Code:

*(Continued…)*

2

Review ¶ 3.)  As a result of his guilty plea, Petitioner was sentenced to "eleven and a half (11 1/2) to twenty-three months of confinement and seven (7) years of probation."  (Petition for Review ¶ 3.)  Petitioner alleges that he "was instructed and entered into a plea agreement" with the Commonwealth "pursuant to an understanding and agreement" that he was required to register only for ten years.  (Petition for Review ¶ 4.)  According to Petitioner's allegations, Petitioner's understanding that he was only required to register as a sexual offender for ten years "was a consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon."  (Petition for Review ¶ 5.)  Further, Petitioner alleges that his required guilty plea colloquy and Sentencing Order "listed Petitioner as qualifying for a ten (10) year registration only."  (Petition for Review ¶¶ 7-8.)

On December 3, 2012, the PSP notified Petitioner that pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[7]

---

> A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

Id.

[7] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act.  SORNA is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law.  Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter.  Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999).  Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832

*(Continued…)*

3

Petitioner was now required to register four times a year for the rest of his life and that his registration information will be placed on the PSP's website for his lifetime. (Petition for Review ¶ 11.) Petitioner alleges that his offenses were part of a single criminal episode and, as such, he should be required to register for ten years instead of his lifetime. (Petition for Review ¶¶ 14-15.) Petitioner further alleges that the increase in his registration period violates the Ex Post Facto and Contract Clauses of the United States and Pennsylvania Constitutions and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of Pennsylvania Constitution. (Petition for Review ¶¶ 16-17, 19-21.) Petitioner seeks specific performance of his plea agreement and an order declaring that he is not required to register beyond ten years as his crimes were part of a single criminal episode and because the increased registration and notification requirements imposed upon him by SORNA are unconstitutional. (Petition for Review ¶¶ 22-24, Wherefore Clause.)

A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

4

The PSP demurs to the Petition for Review through six POs. The PSP first alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly classified as a Tier III offender, carrying a lifetime registration requirement. (POs ¶¶ 28-33.) Second, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and that the PSP lacks the duty or authority to change Petitioner's registration requirements. (POs ¶¶ 35-45.) Third, the PSP demurs to Petitioner's claim that he is improperly classified as a lifetime offender because his crimes were part of a single criminal episode. The PSP alleges that Petitioner is classified as a Tier III offender as a result of his conviction for Indecent Assault of Person Less Than 13 Years of Age, 42 Pa. C.S. § 3126(a)(7), pursuant to Section 9799.14(d)(8) of SORNA, 42 Pa. C.S. § 9799.14(d)(8), and not because he was convicted of two or more offenses requiring registration. (Petition for Review ¶¶ 47-53.) Fourth, the PSP alleges that SORNA poses no ex post facto concerns and cites to our recent opinion in Coppolino v. Noonan, 102 A.3d 1254 (Pa. Cmwlth. 2014), aff'd, __ A.3d __ (Pa., No. 132 MAP 2014, filed November 20, 2015) and the Superior Court's decision in Commonwealth v. Perez, 97 A.3d 747 (Pa. Super. 2014), as binding authority to that end. (POs ¶ 55.) Moreover, the PSP alleges that previous versions of Megan's Law were similarly upheld as non-punitive by the Pennsylvania Supreme Court. See Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003) (addressing Megan's Law II); Commonwealth v. Gaffney, 733 A.2d 616, 621 (Pa. 1999) (addressing Megan's Law I). (POs ¶ 56.) Fifth, the PSP objects to Petitioner's due process allegations on the grounds that Petitioner has failed to allege any interest that is protected under the Due Process Clause of either the United States or Pennsylvania Constitutions. (POs ¶¶ 58-59.) Relatedly,

5

the PSP alleges that Petitioner has failed to state a claim that his due process rights were violated because "'whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry.'" (POs ¶ 60 (quoting Gomer Williams, 832 A.2d at 970 n.13).) Because this Court and the Superior Court, in Coppolino and Perez, respectively, held that SORNA's requirements are not punitive, Petitioner's due process challenge also fails. (POs ¶ 61.) Finally, the PSP demurs to Petitioner's contract-related claims by alleging that: (1) the PSP is not liable for breach of contract because the PSP is not a party to the plea agreement between Petitioner and the Commonwealth; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity. (POs ¶¶ 63-70.)

The PSP conceded at oral argument that, if Petitioner provided it with a sentencing order clearly showing that Petitioner was only required to register for ten years pursuant to a plea agreement, the PSP would be required to remove Petitioner from the registry after the ten year period expires. In light of this concession, Petitioner requested this Court at oral argument to stay further action on the claims asserted in the Petition for Review until Petitioner provides the PSP with his sentencing order and the PSP makes a determination as to whether the sentencing order clearly requires Petitioner to be removed from the registry once the ten year period expires.

We agree that, in the interest of judicial economy, we should hold our resolution of Petitioner's claims in abeyance. Should Petitioner provide the PSP with a sentencing order clearly stating that Petitioner is only required to register for

6

ten years per a plea agreement, Petitioner's constitutional claims related to Petitioner's registration requirement under SORNA would become moot. Accordingly, we stay resolution of the PSP's POs and direct Petitioner to provide the PSP and this Court with his sentencing order and any other relevant document showing that a ten year registration period was part of his plea agreement.

 

 

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow,                                      :
                                                     :
                        Petitioner                   :
                                                     :
            v.                                        :   No. 550 M.D. 2014
                                                     :
The Pennsylvania State Police of the                 :
Commonwealth of Pennsylvania,                        :
                                                     :
                        Respondent                   :

## O R D E R

**NOW**, January 14, 2016, Billy Joe Snow's (Petitioner) oral motion to stay the disposition of the preliminary objections filed by the Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) made during the September 16, 2015 oral argument is **GRANTED**. Petitioner is hereby ordered to provide the PSP and this Court with his sentencing order and any other document showing that his plea agreement required him to register for only ten years within fifteen (15) days of this Order, and the PSP shall advise Petitioner and this Court of its determination based thereon within thirty (30) days of receipt thereof.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Joe Snow, : 
                         Petitioner : 
                         : 
               v. :   No. 550 M.D. 2014
                         :   Argued:  September 16, 2015
The Pennsylvania State Police of the : 
Commonwealth of Pennsylvania, : 
               Respondent : 

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                 HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge

**OPINION NOT REPORTED**

**CONCURRING OPINION BY**
**JUDGE LEADBETTER**                  **FILED:  January 14, 2016**

       For the reasons stated in *Dougherty v. Pennsylvania State Police* (Pa. Cmwlth., No. 537 M.D. 2014, filed January 12, 2016), I respectfully concur in the decision of the majority.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge
